PAUL BEFUMO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Befumo v. Commissioner
Docket No. 29611-89
United States Tax Court
T.C. Memo 1991-509; 1991 Tax Ct. Memo LEXIS 558; 62 T.C.M. (CCH) 975; T.C.M. (RIA) 91509; October 7, 1991, Filed *558 Decision will be entered for the respondent. Paul Befumo, pro se. Joan Steele Dennett, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181 and 182. [1]
Respondent determined deficiencies of $ 1,756 and $ 934 in petitioner's Federal income tax for the taxable years 1985 and 1986, respectively, and also determined additions to tax pursuant to sections 6651(a)(1), 6653(a)(1) and 6653(a)(1)(A), and 6653(a)(2) and 6653(a)(1)(B). After concessions by petitioner, the issues for decision are: (1) Whether the statute of limitations bars the assessment of the deficiency and additions to tax against petitioner for 1985, (2) whether petitioner is liable for additions to tax for failure to file a return for 1985 pursuant to *559 section 6651(a)(1), and (3) whether petitioner is liable for additions to tax for negligence or intentional disregard of rules and regulations for 1985 pursuant to sections 6653(a)(1) and (2). For convenience and clarity, we will combine our findings of fact and opinion herein. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioner resided in Missoula, Montana, at the time he filed his petition. Petitioner contends that he filed a return for 1985. He offered into evidence a copy of what he testified was the return for 1985 which he filed. Further, petitioner testified that he paid the amount of tax shown on the copy of his return by either a check or a money order. Petitioner noted that he did not have any records indicating such payment. In addition, petitioner stated that he had no copies of records or documents mailed because he did not use registered or certified mail. Petitioner acknowledges that he has not satisfied his burden of proof to demonstrate that he did file a return. However, petitioner argues, as a matter of equity, that respondent should have to allege that a taxpayer is *560 going to be charged with the addition to tax for failure to file a return within the statute of limitations for filing a return if respondent is going to make an assessment for such failure to file beyond the ordinary 3-year limitations period found in section 6501(a). Respondent offered testimonial and documentary evidence in support of his claim that petitioner did not file a return for 1985. First, respondent offered the testimony of an agent of the Internal Revenue Service stating that a search of respondent's records indicated that no return had been filed by petitioner for 1985. Further, respondent offered into evidence a transcript of petitioner's filing history with the Internal Revenue Service which corroborated the testimony of the agent that a return had not been filed. On the record before us, we conclude that petitioner has not satisfied his burden of proof to establish that he filed a return for 1985. In addition, petitioner's argument that respondent should be estopped from assessing deficiencies more than three years after the due date of a return without first informing the taxpayer of his intent to do so is contrary to the clear state of the law. It is clear *561 that if a return has not been filed, respondent may assess the tax for such year at any time. Sec. 6501(c)(3). Accordingly, we hold that the notice of deficiency for 1985 was issued in a timely manner by respondent. The other issues involve petitioner's liability for additions to tax under section 6651(a)(1) for failure to file a return, and under sections 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. A return made on the basis of the calendar year must be filed on or before the 15th day of April following the close of the year with certain extensions not relevant herein. Sec. 6072. We have concluded that petitioner has not proved that he filed a return for 1985. In addition, we hold that petitioner has not shown that his failure to file was due to reasonable cause and not due to willful neglect. The record shows that respondent had no record of receiving either the return or the payment asserted by petitioner. Petitioner's testimony that he filed his 1985 return *562 and paid the tax liability shown on it is uncorroborated, and therefore is not enough to carry his burden of proof on the failure to file addition. See and compare ; . We sustain respondent's determination of the section 6651(a)(1) addition to tax. Respondent also determined that petitioner is liable for additions to tax pursuant to sections 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations for 1985. Negligence under section 6653(a) is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Since we have held that petitioner's primary contention that he filed a return is not supported, we conclude that petitioner has not satisfied his burden of proving that respondent's determination of the additions to tax for negligence is erroneous. See . Accordingly, we sustain respondent's determination of the additions to tax *563 for 1985 pursuant to sections 6653(a)(1) and (2). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩